### FISHER v. WAKEFIELD PARK REALTY CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 853*)—REVIEW—INSTRUCTIONS.

The charge, to which no exceptions are taken, is the law of the case; and, where the evidence supports the necessary findings of fact, no reason for the reversal of the judgment exists.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3405; Dec. Dig. § 853.*]

2. APPEAL AND ERROR (§ 1151*)—ERROR IN JUDGMENT—CORRECTION ON AP-
PEAL.

Where the error in the judgment rendered arose from a mistake of the
jury in calculating the amount due, the judgment, with the consent of
the successful party, will be corrected on appeal, and affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–
4506; Dec. Dig. § 1151.*]

3. APPEAL AND ERROR (§ 204*)—QUESTIONS REVIEWABLE—QUESTIONS NOT
RAISED IN TRIAL COURT.

Where plaintiff, suing for work, testified without objection to the
amount, and a verdict in his favor was supported by the evidence, de-
fendant on appeal could not for the first time raise the objection that
plaintiff's proof was hearsay, and not the best evidence, which consisted
of books showing the amount of the work.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–
1280; Dec. Dig. §·204.*]

Appeal from Trial Term, Westchester County.

Action by Anthony Fisher against the Wakefield Park Realty Com-
pany. From a judgment for plaintiff, and from an order denying a
motion to set aside, modify, or correct the verdict, plaintiff appeals.
Judgment, as conditionally modified, affirmed, and order conditionally
affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
THOMAS, and MILLER, JJ.

Alfred G. Reeves (Ambrose G. Todd, on the brief), for appellant.
Adrian M. Potter, for respondent.

WOODWARD, J. The complaint sets out two causes of action,
one for work and services in filling and rough-grading of certain
streets, and the other for work, services, and materials supplied in con-
structing, regulating, and grading of Sterling avenue, in the city of
Yonkers. The case was carefully tried, and the questions of fact were
submitted to the jury under a charge to which there are no exceptions;
all of defendant's requests to charge having been acquiesced in by the
court, with some modifications, to which no exceptions were taken. On
·this appeal the defendant urges a number of points, all relating to the
facts; but none of them appeal to us as affording justification for a
reversal of the judgment and the granting of a new trial. The charge
of the court, to which no exceptions are taken, becomes the law of the
case, and, if the evidence is sufficient to support the necessary findings
of fact, no reason for the reversal of a judgment exists; and that is
the situation by which we are confronted here, if we may except a
slight error appearing in the first cause of action.

The contract alleged by the plaintiff in the first cause of action was
that he was to make certain fills, aggregating 6,000 cubic yards, for
which he was to have $2,000; that in addition to this he was to have
34 cents per cubic yard for all filling in excess of this 6,000 cubic
yards covered by the $2,000. The plaintiff says he filled in 6,750 cubic
yards, which would entitle him to $2,000 for the 6,000 cubic yards, and
$255 for the 750 cubic yards, or a total of $2,255, on which he acknowl-
edges payment of $1,250, leaving a balance of $1,005. The jury evi-
dently misunderstood the exact terms of the contract, and figured the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6,750 yards of filling at 34 cents per cubic yard, reaching a total of $2,295, less the payment of $1,250, or $1,045, and to this extent the judgment is without support in the pleadings or evidence. This does not, however, go to the merits of the case, and the judgment may, with the consent of the plaintiff, be modified, by striking out $40 from the recovery on the first cause of action, and, as thus modified, affirmed. In the event of the plaintiff refusing to consent to such modification, then the judgment should be reversed, and a new trial granted.

The objections urged by the defendant on this appeal are, for the most part, first called to the attention of the court here. For instance, it is now urged that the plaintiff's proofs as to the amount of the fill was hearsay; that he brought no books, papers, or records of the amount of the fill; and that, as he was not present, he could not know of his own knowledge. The practical difficulty with this objection is that the plaintiff was permitted to testify to the amount of the fill without objection or exception, and that his testimony was more fully developed on cross-examination, so that it is clear that there is evidence in support of the verdict, and, if it is not the best evidence, it is at least such evidence as the defendant acquiesced in, and it cannot now be heard to object for the first time.

The judgment should be modified, as indicated above, and, as so modified, the judgment and order appealed from should be affirmed, without costs; otherwise, the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.

---

PEOPLE ex rel. FIFTH AVE. BLDG. CO. v. GAUS, State Comptroller.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

TAXATION (§ 117*)—CORPORATE FRANCHISE—CAPITAL "EMPLOYED."

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 214; Dec. Dig. § 117.*

    For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.]